# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

US PREMIUM FINANCE, A DIVISION OF AMERIS BANK,

Plaintiff,

v.

FIVE DEVELOPMENT HOLDINGS, INC. AND AFFILIATES,

Defendants.

CASE NO. 19-1513 (GAG)

## OPINION AND ORDER

US Premium Finance ("US Premium" or "Plaintiff") filed suit against Five Development Holdings Inc. and affiliates ("Five Development" or "Defendant") for collection of monies under two finance agreements. (Docket No. 1). The Court has jurisdiction over this matter under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Pending before the Court is Defendants' Motion to Dismiss the Complaint under FED. R. CIV. P. Rule 12(b)(6) and 12(b)(7). (Docket No. 15). For the reasons discussed below, the Court **DENIES** Defendant's motion to dismiss.

**I.     Relevant Factual and Procedural Background**

US Premium, a division of Ameris Bank, is a for profit corporation registered under the Laws of the State of Georgia since 1971.[1] (Docket No. 1 at 1). Defendant Five Development is a for profit corporation registered under the Laws of Puerto Rico since July, 2004.[2] (Docket No. 1 at 1).

---

[1] Its principal place of business is in 280 Technology Parkway, Suite 200, Norcross GA 30092.
[2] Its principal place of business is in CTR Com Laguna Gardens, Office 300, Marginal Baldorioty, Carolina, PR 00983.

1

On July 30, 2018, US Premium and Five Development entered into a Premium Finance Agreement and Disclosure Statement ("First Finance Agreement") in which US Premium would finance certain insurance premiums issued by Real Legacy Assurance Company, Inc. ("Real Legacy") to Five Development. (Docket No. 1 at 2). Pursuant to said agreement, US Premium financed four insurance premiums in the amount of $104,823.70. Id. On August 24, 2018, the parties entered into a second Premium Finance Agreement and Disclosure Statement ("Second Finance Agreement"). Id. In the Second Finance Agreement, US Premium financed one insurance premium in the amount of $568,966.86. Id.

To secure all liabilities, both Finance Agreements irrevocably appointed US Premium as Five Development's attorney-in-fact with full power to cancel the policies for default in payment. (Docket No. 1 at 3). Furthermore, upon request from US Premium, Real Legacy was required to cancel the financed policies and pay to the order of US Premium all gross, unearned premiums, commissions and fees thereon. Id.

On October 23, 2018, Five Development defaulted under the Second Finance Agreement. (Docket No. 1 at 4). On October 29, 2018, US Premium notified Five Development that it would cancel the Second Finance Agreement unless the outstanding payment was received within 10 days of the notice. Id. This did not occur and US Premium cancelled the policy financed under the Second Finance Agreement on November 8, 2018. Id.

On October 30, 2018, Five Development defaulted under the First Finance Agreement. Id. Similar to the Second Finance Agreement, on November 5, 2018, US Premium notified Five Development that it would cancel the First Finance Agreement unless the outstanding payment was received within 10 days of the notice. Id. Once again, this did not occur and US Premium cancelled the policy financed under the First Finance Agreement on November 15, 2018. Id.

Around this time Real Legacy found itself in a precarious financial position. (Docket No. 1 at 5). On January 18, 2019, the Commonwealth Court of First Instance of San Juan, entered an order initiating the liquidation proceedings of Real Legacy under the provisions of the Insurance Code of Puerto Rico, P.R. LAWS ANN. tit. 26, § 4001. Id.[3] On April 8, 2019, US Premium filed a claim for unearned premiums under the Second Finance Agreement in the amount of $501,493.39. Id. On April 11, 2019, US Premium filed several claims for unearned premiums under the First Finance Agreement in the aggregate amount of $98,958.70. Id.

Subsequently, US Premium filed the present complaint for collection of monies. (Docket No. 1). Five Development moved to dismiss the complaint, arguing that US Premium failed to exhaust administrative remedies, waived its right by statute to claim the assets of Five Development, and failed to join indispensable parties. (Docket No. 15 at 2).[4] US Premium responded claiming that it plead the required elements for a breach of contract claim and that it is entitled, as collateral under the financing agreements, to surrogate and assert a claim for unearned premiums against the insurance company in liquidation, on behalf of Defendant. (Docket No. 20 at 2). Furthermore, US Premium states that the financing agreements do not preclude it from collecting monies from Five Development after asserting the claim for unearned premiums. Id.

Five Development replied that when US Premium filed its claim for unearned premiums before the Real Legacy liquidation process in Commonwealth court, claiming under full right and title and on its own behalf pursuant to the assignment of the claim from Five, it waived its right to state a claim against Five Development's assets pursuant to Art. 40.350 of the Insurance Code of

---

[3] Given its delicate financial status, the Commonwealth court had previously entered rehabilitation proceedings regarding Real Legacy on September 28. 2018. Id.

[4] Five Development also avers that, in the alternative, the Court shall abstain from holding further proceedings until the administrative proceedings conclude. Id.

Puerto Rico. (Docket No. 25 at 10) (P.R. LAWS ANN. Tit. 26, § 4035). US Premium sur-replied and Five Development responded to the sur-reply, both furthering their respective arguments. (See Docket Nos. 26 and 31).

## II.     Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court analyzes the complaint in a two-step process under the current context-based "plausibility" standard established by the Supreme Court. See FED. R. CIV. P. 12(b)(6), Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011), which discusses Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. A complaint does not need detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678-79. Second, the Court must then "take the complaint's well-[pleaded] (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55. Plausible means something more than merely possible and gauging a pleaded situation's plausibility is a context-specific job that compels the Court to draw on its judicial experience and common sense. Id. (citing Iqbal, 556 U.S. at 678-79). This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Twombly, 550 U.S. at 556.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). If, however, the

"factual content, so taken, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' the claim has facial plausibility." Ocasio-Hernández, 640 F.3d at 12 (quoting Iqbal, 556 U.S. at 678).

### III. Legal Analysis

Defendants argue dismissal is warranted because: (1) US Premium has failed to exhaust its administrative remedies; (2) US Premium waived its right by statute to claim the assets of Five Development to the extent of the coverage or policy limits provided by the insurer and agreed that, to the extent of said coverage or limit, its claim against Five Development is to be satisfied strictly from distributions paid by the Liquidator; (3) the Court should defer to the pending and ongoing proceedings before the Administrative Forum of the Real Legacy Liquidation Procedure, and (4) US Premium did not join indispensable parties including the insurer, the Liquidator, and the Association, among others. (Docket No. 15 at 2).[5] <u>Administrative Proceedings and Five Development's liability</u>

    A. <u>Five Development's motion to dismiss under FED. R. CIV. P. 12(b)(6)</u>

To properly assert a claim for breach of contract "a party must sufficiently allege: (1) a valid contract, (2) a breach of that contract, and (3) resulting damages. First Med. Health Plan, Inc. v. CaremarkPCS Caribbean, Inc., 681 F.Supp.2d 111, 116 (D.P.R. 2010). Five Development does not contest that the prior three requirements were sufficiently pled, instead it argues that US Premium's decision to file claims in the administrative forum, along with specific language in the finance agreements, excludes the same from filing the present complaint. (Docket No. 15). Five Development refers to the Insurance Code of Puerto Rico article regarding third party claimants

---

[5] Five Development's claims regarding the exhaustion of administrative remedies and deferment to the Administrative Forum of the Real Legacy Liquidation Procedure do not tread water. This is a collection of monies case regarding breach of contract, and the claim for unearned premiums pending before the administrative forum is separate from this claim for default in payment.

which posits that the filing of a claims form, in connection with a claim against an insured party, will result in the claimant waiving any right to "claim the assets of the insured party to the extent of the coverage or policy limits provided by the insurer and agrees that, to the extent of said coverage or limit, his/her claim against the insured party shall be satisfied solely from distributions paid by the liquidator on the claim . . ." P.R. LAWS ANN. tit., 26 § 4035. US Premium and Five Development disagree on whether US Premium was acting on behalf of Five Development when it filed the administrative claims or whether it acted on its own behalf. (Docket Nos. 15, 20, 23, 26 and 31).

The Finance Agreements help the Court clear up the matter. The First Finance Agreement and Second Finance Agreement both contain a disclosure statement which states in the first paragraph that "[t]o secure all liabilities owed from the Borrower to the Lender, the Borrower assigns to the Lender all of their right, title, and interest in the insurance policies listed in this Agreement, and all rights therein including all dividends, payments on claims, unearned premiums and unearned commissions." (Docket Nos. 1-1, 1-2). Furthermore, the second paragraph articulates that:

> The Borrower (Five Development) hereby irrevocably appoints the Lender (US Premium) as its *attorney-in-fact* with full power and authority to cancel the policies listed in this Agreement for default in payment. The insurance companies . . . are hereby authorized and directed, upon the request of Lender, to cancel said policies and to pay to the order of Lender all gross, unearned premiums commissions and fees thereon . . . Interest will continue to accrue on unpaid balances, and Borrower *shall remain liable for any deficiency together with interest at the highest allowable rate legal.*

(Docket Nos. 1-1, 1-2) (emphasis added). The language in the Finance Agreements clearly states that the assignment of rights was established as collateral for the principal obligation and that US Premium was granted the authority as Five Development's attorney-in-fact to assure it could recover in case there was a default in payment. Furthermore, the Finance Agreements clarify that

Five Development was to remain liable for any deficiency. The Puerto Rico Civil Code states that "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." P.R. LAWS ANN. tit., 31 § 3471; see also Exec. Leasing Corp. v. Banco Popular de P.R., 48 F.3d 66, 69 (1st Cir. 1995).

Nonetheless, Five Development argues that since US Premium checked the "Claimant" box when filing its claims in the administrative proceedings it was filing them on its own behalf, and thus, the section regarding third party claimants of the Insurance Code of Puerto Rico applied. (Docket No. 23 at 5) (see also P.R. LAWS ANN. tit., 26 § 4035). Five Development's argument entails a matter of semantics because the only options in the form where either "Claimant" or "Insured" and US Premium is undoubtedly not the insured party. Furthermore, the only reason US Premium was able to file a claim for unearned premiums was through its power as Five Development's attorney-in-fact to assure the same as collateral for the principal obligation. It had no individual claim against Real Legacy. It filed its claim in favor of Five Development to protect the collateral that corresponded to the principal obligation.

The contract plainly stipulated that in case of default payment US Premium, under its power of attorney, could assert a claim against Real Legacy in favor of Five Development for unearned premiums and that Five Development shall remain liable for any deficiency not covered by the same. At this stage of the proceedings, US Premium has plausibly asserted a claim for breach of contract to which it was entitled under the Finance Agreements.

Thus, Five Development's motion to dismiss under FED. R. CIV. P. 12(b)(6) at Docket No. 15 is hereby **DENIED**.

B. Five Development's motion to dismiss under FED. R. CIV. P. 12(b)(7)

Also pending before the Court is Five Development's motion to dismiss under FED. R. CIV. P. 12(b)(7) for failure to join indispensable parties. (Docket No. 15). Five Development claims

that the necessary parties in this case are: (1) the Insurer/Liquidator; (2) the Guarantee Association, and 3) the Broker USI Insurance Services. (Docket No. 15 at 27). Under Rule 19(a) a required party is a person that, if absent, the Court could not accord complete relief among existing parties. FED.R.CIV.P. 19(a). These "necessary" parties shall be joined if the joinder is feasible. Id. The First Circuit has held this rule "then provides for the dismissal of suits when the court determines that the joinder of the 'necessary' parties is not feasible, but that they are, nonetheless, so 'indispensable' that the suit must not be litigated without them." Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st Cir. 2008).

Five Development argues that Article 40.210 of the Puerto Rico Insurance Code, P.R. LAWS ANN. tit. 26, §4021 (1), provides that once an order appointing a liquidator of a "domestic insurer or of an alien insurer domiciled or of an alien insurer domiciled in Puerto Rico, no action at law shall be brought against the insurer or the liquidator, whether in Puerto Rico or elsewhere. . . ." (Docket No. 15 at 27).

In this case, there is a collection of monies claim by US premium against Five Development. There is no action at law against the insurer or the liquidator. Furthermore, the Guarantee Association is not an indispensable party since there is no claim against the insolvent insurer. Finally, Five Development has not demonstrated why Broker USI Insurance Services cannot be feasibly joined or why it is an indispensable party.[6] Consequently, Five Development's motion to dismiss under FED. R. CIV. P. 12(b)(7) at Docket No. 15 is hereby **DENIED**.

---

[6] Five Development avers that the Broker USI Insurance services is an indispensable party "since it owed FIVE a duty that it breached to evaluate financial stability of insurer with which it intended to place insurance and to inform insured of its finding." (Docket No. 15 at 28). If Five Development wishes to join said party, it can move the Court via motion. Nonetheless, it has not established its indispensability or why it cannot be viably joined in the present case.

Civil No. 19-1513 (GAG)

IV. **Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss at Docket No. 15 is hereby **DENIED**. Nonetheless, the Court recognizes that any recovery regarding the unearned premium claims before the administrative forum will affect the recovery in the present case. Thus, the present case is **STAYED** pending the resolution of the administrative claims. Parties shall jointly inform the Court every 45 days.

**SO ORDERED.**

In San Juan, Puerto Rico this 24th day of March, 2020.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge